IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| CARL TICHACEK § | |
| § | |
| V. § | CIVIL ACTION NO. G-14-011 |
| § | |
| JONES MOTOR GROUP, INC., § | |
| HOT SHOT EXPRESS, INC. § | |
| and ZURICH INSURANCE COMPANY § | |

## OPINION AND ORDER

Subsequent to the conversion of the Defendants' Motion to Dismiss into one for summary judgment and the filing of the "Plaintiff's Amended Complaint," which "amended out" all claims asserted by Plaintiff, Carl Tichacek, against Defendant, Jones Motor Group, Inc., the remaining Defendant, Hot Shot Express, Inc. (Hot Shot), filed its supplemental brief in support of its Motion to Dismiss Tichacek's Complaint. Tichacek has informed the Court that he will not be filing any further briefing so the matter is ripe for determination.

Double K Enterprises of Angleton, Brazoria County, Texas, is the owner of several trucks and trailers. In May 2012, Double K entered into a Long Term Lease Agreement with Hot Shot to lease the truck involved in this case to Hot Shot for the purpose of transporting steel coils from Houston to Mobile, Alabama. Double K contacted Tichacek who agreed to be a driver in furtherance of the agreement. At or about the time Tichacek agreed to drive for Double K, he obtained contingent liability coverage as an independent

contractor under a policy issued by Zurich Insurance Company to Jones Motor Group. Tichacek was first required to attend a three day training seminar at the Hot Shot facility in Copperas Cove, Texas, to obtain the certification required by Alabama for the transportation of steel coils. Thereafter, Tichacek began to haul loads under the agreement. Tichacek was paid on a "per load" basis for each haul.

On the night of June 7, 2012, Tichacek was severely injured in Birmingham, Alabama, when he fell in an opening between the truck's catwalk and frame while attempting to reattach the brakes' air lines in the dark. During the afternoon prior to his fall, Tichacek had been unsuccessful at loading coils onto his trailer despite suggestions, by telephone, from Hot Shot's dispatcher. Ultimately, it was decided to postpone the loading until the next morning. Tichacek then unhooked his truck from the trailer and went to buy a hamburger. When he came back to the yard he decided to re-hook the trailer to his truck. During the process, he fell. According to Tichacek, his fall resulted from the absence of appropriate utility lighting on the truck. Following the accident, Tichacek, represented by counsel, filed a claim with Zurich and collected approximately $730,000.00 under the policy.

On November 13, 2013, Tichacek sued, *inter alia*, Hot Shot in the 239th Judicial District Court of Brazoria County, Texas. Hot Shot removed the case to this Court on

January 10, 2014.[1] In his Amended Complaint, Tichacek asserts that Hot Shot's actionable negligence caused his injuries. Hot Shot disagrees and seeks dismissal of Tichacek's complaint. Tichacek's various theories of recovery will be addressed *seriatim*.

Tichacek first alleges that notwithstanding any evidence to the contrary, Hot Shot "acted as (his) employer" and is guilty of negligence for failing to provide him with a safe place to work. However, Tichacek's attempt to define himself as an employee of Hot Shot is unpersuasive. Under the expressed terms of the Long Term Lease Agreement, Double K's drivers were its employees not Hot Shot's. In addition, when Tichacek obtained insurance coverage by Zurich he executed documents admitting he was an independent contractor. Moreover, in reliance upon that classification, he ultimately received almost $730,000.00 from Zurich under the policy. This theory of recovery is without merit.

Tichacek also argues that even if he were an independent contractor, Hot Shot exercised sufficient control over his work to expose it to liability. In support, Tichacek alleges that he never signed an employment agreement with Double K. He also alleges that Hot Shot, among other things, forced him to haul loads he did not want to take to places he did not agree to go; refused to reload his fuel card to allow him to return home without a load if he refused to drive to additional locations; controlled the manner in which his paperwork was to be filled out, loads were to be loaded and the routes to be taken; and

---

[1] Hot Shot has, alternatively, sought a transfer of venue, but this Court is convinced there are sufficient contacts with Texas to support the exercise of jurisdiction over Hot Shot.

even, through numerous telephone calls with its dispatcher, gave him instructions on what to do and how to proceed in Birmingham on the very day and night of his injury. In the opinoin of this Court, while this may be Tichacek's best theory of recovery, it is, nonetheless, without merit.

Tichacek was hired and paid by Double K. Tichacek was operating under a contract that provided he was an independent contractor and not a borrowed employee; he even recovered over $700,000.00 under an insurance policy insuring him in that status. The fact that Hot Shot trained Tichacek for the required certification under Alabama law on how to safely haul steel coils cannot constitute a right to control job-site safety. Shell Oil Co. v. Kahn, 138 F.3d 288, 293-94 (Tex. 2004) Hot Shot's "control" over the mere scheduling of hauls cannot suffice; after all, Hot Shot is a clearing house that coordinates the movement of freight for persons like Tichacek to perform. The other incidental "controls" asserted by Hot Shot, even in combination, cannot render Hot Shot liable, especially when, as in this case, there is no nexus between those controls and Tichacek's decision to work in the dark, after hours, without adequate lighting to ensure his safety, Kahn, 138 F.3d at 294 (citing, Hoechst-Celanese Corp. v. Mendez, 967 S.W. 2d 354, 357 (Tex. 1998), Cf. General Electric Co. v. Moritz, 257 S.W. 3d 211, 214-15 (Tex. 2008)), and the inadequately equipped truck was not even owned by Hot Shot.

Tichacek's argument that Hot Shot is liable under the Statutory Employee Doctrine is fatally flawed. The liability arising from this principal of law under the Federal Motor

4

Carrier Safety Regulations, 29 C.F.R. § 376.12(c)(1), protects only third-parties injured by the negligence of a leased independent contract driver like Tichacek. See Consumer County Mutual v. PW & Sons Trucking, Inc., 307 F.3d 362, 364-66 (5th Cir. 2002)

Likewise, Tichacek's argument that Hot Shot is liable for not providing worker's compensation is without merit. Under the agreement between Hot Shot and Double K, Tichacek was an independent contractor, not an employee of Hot Shot, and Double K was obligated to provide any worker's compensation coverage. This agreement complies with Texas law, Tex. Labor Code § 406.122(c), and precludes Tichacek's claim. Cf. Simpson v. Empire Truck Lines, Inc., 571 F.3d 475, 477 (5th Cir. 2009)

Finally, Tichacek's argument that Hot Shot and Double K were engaged in a joint enterprise and the negligence of Double K, if any, is, therefore, imputed to Hot Shot fails. A joint enterprise requires, *inter alia*, a community of pecuniary interest in a common purpose. St. Joseph Hospital v. Wolf, 94 S.W. 3d 513, 525 (Tex. 2002)   If alleged members of a joint enterprise derive their revenue generated by the relationship between them from different sources there is no cognizable community of pecuniary interest. In this case, Double K's revenue was generated through lease payments received from Hot Shot; Hot Shot's revenue, obviously, came from different sources than those same lease payments it made to Double K.

For the foregoing reasons, it is **ORDERED** that the "converted" Motion to Dismiss (Instrument no. 4) of Hot Shot Express, Inc., is **GRANTED** and the Amended Complaint (Instrument no. 21) of Plaintiff, Carl Tichacek, is **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this   5th   day of November, 2014.

_____
John R. Froeschner
United States Magistrate Judge